

SNR Denton US LLP
525 Market Street
26th Floor
San Francisco, CA 94105-2708
USA

Megan L. Barker
Associate
megan.barker@snrdenton.com
D +1 415 882 0188
T +1 415 882 5000
F +1 415 882 0300
snrdenton.com

December 28, 2012

**Via E-File**

Magistrate Judge Nathanael M. Cousins
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Slojewski v. Allstate Insurance Company,*
U.S.D.C., Northern District of California, Case No. 3:11-CV-03614 PJH

Dear Magistrate Judge Cousins:

On behalf of plaintiff Sylwester Slojewski and defendant Allstate Insurance Company, we submit the following joint letter brief regarding a discovery dispute over Allstate's third set of requests for production of documents and ask for the Court's assistance in reaching a resolution.

**Background**

On October 16, 2012, Allstate served plaintiff with its third set of requests for production of documents, containing a single request for his "federal and state tax returns, W2 statements, and ANY other DOCUMENTS showing, reflecting, OR identifying YOUR income from any source each year from 2006 to 2009." (Ex. A.) Plaintiff's response was due November 19, 2012. See Fed. Rule Civ. Proc. § 34(b)(2).

Plaintiff did not respond to Allstate's document request. Accordingly, on November 26, 2012, Allstate sent an email and facsimile to plaintiff stating that his failure to respond meant he had waived any objections to Allstate's document request. (Ex. B.) Allstate further stated that, in light of the November 28, 2012 deadline to move to compel non-expert discovery, it demanded to receive his responses without objections by the end of business on November 27, 2012.

On November 28, 2012, at approximately 1:00 p.m., Allstate received a facsimile with plaintiff's response to Allstate's third set for requests for production of documents. (Ex. C) Plaintiff's response stated he either did not have any documents, or they were destroyed or had already been produced. (*Id*.)

Allstate then moved to compel further responses to its request for production of documents. On November 29, 2012, Judge Hamilton ordered the parties to continue to meet and confer prior to filing a joint letter explaining the discovery dispute to the assigned magistrate judge.

Accordingly, on December 3, 2012, Allstate wrote to plaintiff stating that his untimely discovery response was insufficient. (Ex. D.) Accordingly, Allstate asked that plaintiff produce the requested documentation or proof that he had requested the applicable tax returns by December 10, 2012. After receiving no





response, on December 20, 2012, Allstate wrote to plaintiff and stated that, because it had received no response to its meet and confer letter, it planned to file a discovery dispute letter on December 28, 2012. Accordingly, on December 27, 2012, plaintiff provided Allstate with his position as set forth below.

**Allstate's Position**

Discovery, as provided for in Federal Rules of Civil Procedure 26 through 37, is to be liberally construed so as to provide a litigant with the opportunity to investigate each of the facts in dispute. *Richlin v. Sigma Design West, LTD.*, 88 F.R.D. 634, 637 (E.D. Cal., 1980). The district court has inherent power to enforce a litigant's right to conduct discovery. *Halaco Engineering Co. v. Costle*, 843 F. 2d 376, 380 (9th Cir. 1988). If a party fails to respond to requests for production, "the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . ." *Adriana International Corp. v. Lewis & Company*, 913 F. 2d 1406, 1410 (9th Cir. 1990), *quoting* Fed. Rule Civ. Proc. 37(d).

In its third set of requests for production, Allstate requested all documents identifying plaintiff's income, including federal and state tax returns and W2 statements, for the years 2006 to 2009. This document request is directly relevant to plaintiff's claims for lost rental income arising from the subject fire loss at his residence. Specifically, plaintiff contends that, because he supposedly had paying tenants at his property at the time of the fire, Allstate owed him lost rental income under his homeowners policy. In doing so, plaintiff has placed at issue any documentation that could potentially substantiate his alleged rental income during the relevant time frame. Accordingly, Allstate issued a single document request to plaintiff to produce any documents that would identify his income from any source, including tax returns.

Plaintiff's untimely discovery response, however, simply stated "there are no documents in plaintiff's possession, custody or control responsive to this request, (except for any applicable documents previously produced to defendant). Documents responsive to this request used to exist, but were destroyed in the January, 2008 flood and its aftermath." There are at least three reasons why plaintiff's response is insufficient.

First, the possibility that responsive documents may have been destroyed in January 2008 does not, by itself, relieve plaintiff of his discovery obligations. Under Federal Rule of Civil Procedure 34(a), a party need not have actual possession of documents to be deemed in control of them; documents are within a party's "possession, custody or control" if he has a legal right to obtain them. *See In re Legato Sys., Inc.,* 204 F.R.D. 167, 170 (N.D. Cal. 2001) (party had "control" of transcript of his deposition in other proceedings because he had statutory right to obtain a copy). As Allstate explained during the meet and confer process, plaintiff can obtain a copy of his federal tax returns by simply contacting the IRS. *See* http://www.irs.gov/Individuals/Need-a-Copy-of-Your-Tax-Return-Information%3F. Likewise, plaintiff can obtain a copy of his California tax returns for the past three years by making a request at https://www.ftb.ca.gov/individuals/faq/ivr/615.shtml. Further, documents created after the January 2008 flood could not have been destroyed by that event. For instance, plaintiff would have filed his federal and state tax returns for 2008 and 2009 *after* the supposed "January 2008 flood." Accordingly, Allstate requests that the Court order plaintiff to produce a copy of his federal and state tax returns from 2006 to 2009.






Second, plaintiff asserts he has already produced responsive documents. Accordingly, Allstate asks that plaintiff be ordered to identify by bates number the documents he has supposedly already produced that he contends are responsive to Allstate's request.

Third, plaintiff has not identified any documents whatsoever, but has conclusorily asserted that he possesses none, that they do not exist, that they were destroyed, and/or that he has produced them. Consistent with Federal Rule of Civil Procedure 34, Allstate requests that the Court order plaintiff to identify what specific documents he once had and what happened to them.

Finally, while plaintiff argues his spouse did not waive the privilege by his tardy response, plaintiff also waived the privilege by raising lost income as an element of damages. Accordingly, if plaintiff cannot get his spouse's authorization to release information bearing on one of his claims, he cannot continue to make such claim.

Accordingly, Allstate respectfully requests that the Court order plaintiff to provide a substantive response to its third set of requests for production of documents as outlined above and to produce immediately all responsive documents, including, but not limited to, copies of his 2006 through 2009 federal and state tax returns.

**Plaintiff's Position**

Tax Returns and Documents in Plaintiff's Control

Allstate's request for tax returns should be denied. In this case, an insurance coverage dispute, federal jurisdiction is based solely on diversity of citizenship. Because state law provides the rule of decision, it also governs privileges. Under state law, tax returns are privileged from disclosure. Furthermore, although Allstate argues that Mr. Slojewski waived his objections by responding late, his returns are joint returns; that tardiness would not waive his spouse's privilege.

Although Allstate did not mention it, in light of Allstate's argument on non-possessory control, plaintiff can try to order bank statements and deposit records for his various accounts. Some of plaintiff's banks have been acquired by others, but plaintiff's counsel believes that records may be available from the acquiring banks. Allstate's counsel has already subpoenaed Polam CU's records, so they should have information from that institution, and it would be a needless expense for plaintiff to duplicate those records.

Documents Already Produced

Defense counsel's request that plaintiff specifically identify by Bates numbers documents already produced in discovery is basically makework. Allstate has already produced, for example, the lease for the tenants plaintiff had at the time of the flood. Allstate has also used in deposition documents from plaintiff's 2009 bankruptcy; of course, his bankruptcy filing contains several documents referencing his income. However, to resolve this issue, plaintiff's counsel will do it.





Specifics

Plaintiff's counsel is willing to prepare a list of the documents plaintiff believes that he once had. However, this would obviously be from memory, and may consist of categories of documents, rather then specific individual documents. However, plaintiff will be as specific as he can.

As an additional matter, plaintiff's counsel was just recently informed by plaintiff that he thinks he may have left a small box of documents with a friend. Plaintiff's counsel has advised plaintiff to bring the box to his office on January 3, 2013, to see if any of these documents relate to income for the years in question. If so, any unprivileged documents will be promptly produced.

*  *  *

Respectfully submitted,

SNR Denton US LLP

Megan Barker