1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

SYLWESTER SLOJEWSKI,

5
              Plaintiff,                    No. C 11-3614 PJH
6
       v.                                   **ORDER GRANTING IN PART AND**
7                                           **DENYING IN PART DEFENDANT'S**
                                            **PARTIAL MOTION FOR SUMMARY**
   ALLSTATE INSURANCE COMPANY,              **JUDGMENT**
8
              Defendant.
9
   _____/

10         Defendant's motion for partial summary judgment came on for hearing before this

11 court on February 6, 2013.  Plaintiff Sylwester Slojewski ("plaintiff") appeared through his

12 counsel, Peter Hadiaris.  Defendant Allstate Insurance Company ("defendant") appeared

13 through its counsel, Sonia Martin.  Having read all the papers submitted and carefully

14 considered the relevant legal authority, and good cause appearing, the court hereby rules

15 on defendant's motion as follows.

16         This is an insurance case, arising out of a homeowners' insurance claim made by

17 plaintiff after a January 2008 rainstorm.  The policy provided three types of coverage

18 relevant to this suit:  (1) coverage of the dwelling structure, (2) coverage of personal

19 property, and (3) coverage of additional living expense ("ALE") for loss of use of the home.

20 Plaintiff asserts two causes of action: (1) breach of contract, and (2) bad faith in the

21 handling of his claim.  On the breach of contract claim, defendant has moved for summary

22 judgment on plaintiff's claim for personal property payments and for ALE payments.

23 Defendant does not move for summary judgment on plaintiff's breach of contract claim for

24 structure payments.  On the bad faith claim, defendant moves for summary judgment on

25 plaintiff's entire claim.  Finally, defendant moves for summary judgment as to plaintiff's

26 request for punitive damages.

27         In his papers and at the hearing, plaintiff indicated that he does not oppose summary

28 judgment of any claim for personal property.  Thus, defendant's motion for summary

1

1   judgment is GRANTED as to the breach of contract claim for personal property, and as to

2   the bad faith claim for the handling of any personal property claim.

3        Thus, as to plaintiff's first cause of action for breach of contract, the only issue

4   before the court on this motion is plaintiff's claim for ALE payments.  Plaintiff points to the

5   language of his homeowners' insurance policy, which provides coverage for "premises you

6   rent for others, or hold for rental," and seeks lost rental income for the lower level of his

7   house, and for two spare bedrooms.  See Dkt. 28-4, Ex. A at AIC02448.  Plaintiff argues

8   that he is entitled to lost rental income whether or not he actually had tenants at the time of

9   the loss, emphasizing the "held for rental" language of the policy.  Plaintiff also argues that

10  he is entitled to lost rental income for the entire period of time that Allstate spent adjusting

11  his claim for structural coverage.  Defendant, for its part, points to the part of plaintiff's

12  policy that requires "records supporting any claim for loss of rental income," and

13  emphasizes that plaintiff has not provided any evidence that shows he had tenants at the

14  time of the loss.

15        The court agrees with defendant here.  Under the terms of the policy, plaintiff was

16  required to produce records supporting any claim for loss of rental income, and he has

17  failed to do so.  If anything, defendant has already overpaid on plaintiff's ALE claim,

18  because, in an attempt to accommodate plaintiff, it accepted evidence of a cash bank

19  deposit into plaintiff's mother's bank account as proof of lost rental income.  However,

20  defendant was not obligated to do so under the terms of the policy, and it is not obligated to

21  make any additional ALE payments to plaintiff.  Plaintiff has provided no proof as to any

22  actual loss of rental income, as he has provided no evidence that he had an actual tenant

23  at the time of the loss.  Instead, plaintiff's evidence shows only that he entered into a lease

24  agreement with a tenant in December 2003, and that he rented bedrooms to student

25  tenants between July and September 2007.   While plaintiff suggested at the hearing that

26  he did have an actual tenant at the time of the loss, he has not provided any evidence to

27  back up this suggestion.  In his papers, plaintiff takes the position that he does not need to

28  show that he had actual tenants at the time of the loss as long as he can show that he held

1   his property out for rental.  However, even if plaintiff is correct about this, he would need to

2   present some evidence showing that his property was indeed held out for rental.  But

3   plaintiff's "evidence" on this issue is insufficient, largely because of the lack of proximity in

4   time of the past rentals to the period in question.  Accordingly, the court GRANTS summary

5   judgment in favor of defendant on plaintiff's breach of contract claim for ALE payments.

6        Turning to plaintiff's claim for bad faith, because the court finds that defendant did

7   not breach the insurance policy in its handling of plaintiff's ALE claim, it follows that

8   defendant did not exhibit bad faith in the handling of that claim.  Thus, the court GRANTS

9   summary judgment on plaintiff's bad faith claim, to the extent that it is based on defendant's

10  handling of his claim for ALE payments.

11       Thus, the only remaining issue with respect to plaintiff's second cause of action is

12  whether defendant exhibited bad faith in its handling of plaintiff's claim for structural

13  coverage.  Here, the court finds it more prudent to wait until it can assess the strength of

14  plaintiff's breach of contract claim with respect to structural payments before making a

15  judgment as to whether defendant acted with bad faith.  Thus, defendant's motion for

16  summary judgment is DENIED as to the "structure" element of plaintiff's second cause of

17  action.

18       Finally, the court finds that, on the basis of the evidence provided, plaintiff cannot

19  satisfy his burden to show entitlement to punitive damages, which requires proof by "clear

20  and convincing evidence" that defendant engaged in egregious conduct.  <u>See, e.g.</u>, <u>Shade</u>

21  <u>Foods, Inc. v. Innovative Products Sales & Marketing, Inc.</u>, 78 Cal.App.4th 847, 891 (2000).

22  Thus, defendant's motion for summary judgment is GRANTED as to plaintiff's request for

23  punitive damages.

24       **IT IS SO ORDERED**.

25  Dated: February 8, 2013

26  _____

27  PHYLLIS J. HAMILTON
    United States District Judge

28

3