UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYLWESTER SLOJEWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | No. 11-cv-03614 PJH (NC)<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 52 |

Before the Court is plaintiff's motion for reconsideration of the Court's discovery order compelling production of tax returns, Dkt. No. 46. The Court finds that the gravamen of this lawsuit is inconsistent with plaintiff's assertion of privilege over rental income information in his federal and state tax returns for years 2006-2007, and orders plaintiff to produce these documents with appropriate redactions.

**I. BACKGROUND**

Defendant Allstate Insurance Company sought the production of plaintiff's tax returns on the ground that they were relevant to plaintiff's homeowners' insurance claim for lost rental income. Dkt. No. 29 at 2. After holding a hearing, on January 17, 2013 the Court ruled on the parties' discovery dispute, ordering plaintiff to produce his federal and state tax returns for years 2006-2009, redacting information unrelated to rental income and

Case No. 11-cv-03614 PJH (NC)
ORDER RE MOTION FOR RECONSIDERATION

expenses. Dkt. No. 46.

On February 8, 2013, Judge Hamilton issued an order granting in part and denying in part defendant's motion for partial summary judgment. Dkt. No. 50. Judge Hamilton granted summary judgment in favor of defendant on plaintiff's breach of contract claim for rental income, finding that plaintiff provided no proof of actual loss of rental income, and that there was insufficient evidence that his property was "held out for rental." *Id.* at 2-3. For the same reason, Judge Hamilton granted summary judgment on the bad faith claim to the extent it was based on the claim for loss of rental income. *Id.* at 3:6-10. Because defendant had not moved for summary judgment on the breach of contract claim for coverage of the dwelling structure, *id.* at 1:23-24, the Court concluded that it was more prudent to deny summary judgment as to the structural coverage element of the bad faith claim until it can assess the breach of contract claim, *id.* at 3:11-17.

Following this summary judgment ruling, Slojewski applied *ex parte* for leave to file a motion for reconsideration, arguing that as a result of the summary judgment on the loss of rental income claim, the production of plaintiff's tax returns is no longer justified. Dkt. No. 52. Defendant opposed the motion for reconsideration, contending that there is no basis for reconsideration and that the existence and extent of plaintiff's lost rental income are relevant to defendant's affirmative defense of misrepresentation, defendant's potential right to an offset in the amount of benefits it paid but did not owe, and to plaintiff's credibility. Dkt. No. 55.

## II. DISCUSSION

After carefully considering the submissions by the parties, the Court finds that the summary judgment ruling which eliminated the loss of rental income claim after the Court issued its discovery order constitutes a change of law under Civ. L.R. 7-9(b)(2) and therefore provides a basis for reconsideration. For the reasons explained in more detail below, the Court finds that the balance of the relevant factors justifies a limited production of plaintiff's 2006 and 2007 tax returns, only, but not the 2008 and 2009 tax returns.

Because this action was removed to federal district court under diversity jurisdiction,

Case No. 11-cv-03614 PJH (NC)
ORDER RE MOTION FOR
RECONSIDERATION

2

*see* Dkt. No. 1, the substantive law of California applies, including on matters of privilege. *See Conestoga Services Corp. v. Executive Risk Indem., Inc.*, 312 F.3d 976, 980-81 (9th Cir. 2002) (citations omitted); *Star Editorial, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 7 F.3d 856, 859 (9th Cir. 1993); Fed. R. Evid. 501.

California courts have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns. *Schnabel v. Superior Court*, 5 Cal. 4th 704, 718–21 (1993); *Weingarten v. Superior Court*, 102 Cal. App. 4th 268, 274 (2002). The purpose of the privilege is to encourage voluntary filing of tax returns and truthful reporting of income, and thus to facilitate tax collection. *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957). This statutory tax return privilege, however, is not absolute. The privilege will not be upheld when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved. *Schnabel*, 5 Cal. 4th at 721.

Disclosure has been found justified despite the assertion of privilege where tax returns were placed at issue by a plaintiff's claim. *See e.g.*, *Wilson v. Superior Court*, 63 Cal. App. 3d 825, 830 (1976) (waiver by placing at issue contents and consequences of tax returns in lawsuit against tax accountants); *Barrous v. BP P.L.C.*, No. 10-cv-02944, 2011 WL 1431826, at *3-4 (N.D. Cal. Apr. 14, 2011) (compelling production of tax returns in suit seeking damages for contamination where plaintiffs claimed that but for defendant's conduct they could have received financing to develop their property, and failed to identify other financial documents or records that would supply the relevant information); *Small v. Travelers Prop. Cas. Co. of Am.*, No. 8-cv-1160, 2010 WL 2523649, at *2 (S.D. Cal. June 21, 2010) (assertion of privilege as to federal and state tax returns was inconsistent with plaintiff's insurance claim for loss of income and profits from the destruction of avocado trees as a result of fire).

Similarly, plaintiff's insurance claim for lost rental income in this case, combined with the absence of evidence of such income despite the discovery conducted by defendant,

is inconsistent with the privilege and constitutes sufficient basis for compelling the limited production of the tax returns. The only question presented by the motion for reconsideration is whether, as a result of the summary judgment ruling on the loss of rental income claim, there is still sufficient justification for the production of tax returns. While plaintiff acknowledges that the production of his tax returns "may have been appropriate when plaintiff was asserting a lost income claim," he contends that neither defendant's "small claim to setoff overpayments," nor its desire "to impeach plaintiff's testimony, and prove that his lost rent claim was too high" are sufficient to justify the invasion of privacy. Dkt. No. 57 at 2:16-22, 3:2-4. This argument overlooks the importance of the tax returns in proving defendant's allegation that plaintiff made a material misrepresentation by claiming benefits for lost rental income that did not exist, which could result in voiding the policy.

Under California law, if an insured knowingly conceals or misrepresents a material fact in connection with a claim for insurance benefits with an intent to deceive the insurer, that conduct voids the insurance policy in accordance with the policy's fraud and concealment provision. *Cummings v. Fire Ins. Exch.*, 202 Cal. App. 3d 1407, 1415–19, n.7 (1988); *Baldwin v. Bankers & Shippers Ins. Co. of N. Y.*, 222 F.2d 953, 953-54 (9th Cir. 1955); *Safeco Ins. Co. of Am. v. Bass*, No. 93-cv-3378, 1994 WL 238300, at *3-4 (N.D. Cal. May 19, 1994). Defendant here has asserted a defense of misrepresentation, alleging that "[t]he complaint, and each and every cause of action therein, is barred and/or plaintiff's recovery should be reduced to the extent plaintiff has misrepresented facts as part of his claim." Dkt. No. 25. The policy contains a "Concealment Or Fraud" provision which states "This policy is void if it was obtained by misrepresentation, fraud or concealment of material facts." Dkt. No. 28-4 at 16. Defendant does not address the privilege issue, but argues that plaintiff's rental income is relevant to the defenses of misrepresentation and setoff in that "plaintiff's tax returns likely reflect he had (or disclosed) no rental income for the years preceding the storm." Dkt. No. 55 at 4:9-10.

The Court finds that the 2006 and 2007 tax returns, to the extent they show

disclosure of rental income, or lack thereof, remain at issue. Discovery, which closed in November 21, 2012, *see* Dkt. No. 20, has yielded no support for plaintiff's claim for lost rental income. As Judge Hamilton found in her summary judgment order, "[u]nder the terms of the policy, plaintiff was required to produce records supporting any claim for loss of rental income, and he has failed to do so." Dkt. No. 50 at 2:15-3:4. Because the tax returns for the two years preceding the loss would show whether or not plaintiff disclosed any rental income, they constitute important evidence relevant to defendant's misrepresentation defense and its potential right to an offset of amounts paid by defendant on the claim. *See, e.g.*, *Baldwin*, 222 F.2d at 954 (considering income tax returns as part of evidence that insured misrepresented the value of the property lost in affirming trial court's judgment that the policy was voided by fraud).

If defendant succeeds in establishing the defense of misrepresentation, its coverage obligations would be voided, providing a complete defense to the remaining breach of contract and bad faith claims. Accordingly, the Court finds that the gravamen of the lawsuit is inconsistent with plaintiff's assertion of privilege over his federal and state tax returns for years 2006-2007, and that discovery of this information is necessary to a fair resolution of the remaining claims. *See Fremont Indem. Co. v. Sup.Ct. (Sharif)*, 137 Cal. App. 3d 554, 560 (1982) ("[P]laintiff's filing of an action to recover on the fire insurance policy operated to waive his constitutional privilege against self-incrimination with reference to any factual issues, particularly as to the applicability of the arson exclusion, tendered by the complaint. . . . [I]t is the plaintiff who has claimed the privilege as to his own behavior which is vitally relevant to a coverage exclusion contained in the very fire insurance policy upon which he seeks recovery."); *see also Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 1001 (2010) ("Where the insurer has reason to suspect arson, it is relevant and material to inquire into the financial condition of the insured because an insurer is entitled to develop circumstantial evidence of the insured's involvement in the suspected arson.") (citations omitted); *Ram v. Infinity Select Ins.*, 807 F. Supp. 2d 843, 859 (N.D. Cal. 2011) ("where an insured [sic] has reason to suspect fraud in relation to a theft

claim, inquiries into the insured's financial status are relevant and material").

Furthermore, the disclosure of the tax returns at issue here is supported by the public policy in uncovering, preventing and punishing insurance fraud in California. *See Garcia v. Progressive Choice Ins. Co.*, No. 11-cv-466, 2011 WL 4356209, at *4 (S.D. Cal. Sept. 16, 2011) ("The Court finds that this public policy in uncovering, preventing and punishing insurance fraud is significant enough to warrant application of the public policy exception to California's privilege regarding tax returns.").

On the other hand, because the loss occurred in January 2008, and plaintiff does not claim rental income in 2008 and 2009, the Court finds that defendant has not provided a sufficient justification to compel the production of plaintiff's 2008 and 2009 tax returns. *See* Dkt. No. 50 at 1:16-17; Dkt. No. 57 at 1:25-27.

### III. CONCLUSION

Plaintiff is hereby ordered to produce his 2006-2007 tax returns. In the interest of preventing unnecessary disclosure of privileged information, the Court orders plaintiff to redact from the tax returns any information unrelated to rental income and expenses. The tax returns must be designated as "CONFIDENTIAL" under this Court's model Stipulated Protective Order for Standard Litigation or such other form of protective order to which the parties wish to stipulate and present to the Court.

In light of the trial date set for May 20, 2013 and other approaching deadlines, *see* Dkt. No. 20, plaintiff must produce the appropriately redacted 2006-2007 tax returns by no later than April 5, 2013.

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: March 18, 2013

Nathanael M. Cousins
United States Magistrate Judge